UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In Re:

RICHARDS CONDITIONING CORP.,

      Debtor.
_____/

Chapter 11

Case No. 09-22525(RDD)

**ORDER GRANTING MOTION OF SHEET METAL FUNDS OF LOCAL 38 PURSUANT TO ARTICLE 3-A NEW YORK LIEN LAW FOR AN ORDER REQUIRING PREPARATION OF VERIFIED STATEMENTS AND SEQUESTRATION OF TRUST FUNDS PRIOR TO DISTRIBUTION**

Upon the motion, dated October 27, 2009 (the "Motion") of Sheet Metal Funds of Local 38 (the "Funds"), by Notice of Presentment, for an order requiring preparation of verified statements and sequestration of trust funds received by or owing to the above debtor and debtor in possession (the "Debtor") under Article 3-A of the New York Lien Law in connection with the Debtor's Cooper Union project; and, after due and sufficient service of the Motion, there being no timely objections thereto; and the Court having reviewed the Motion and having determined that the relief requested by the Funds and granted herein is appropriate under the circumstances, it is hereby

ORDERED that the Funds are authorized to serve their demand for trustee's statement upon the Debtor pursuant to New York Lien Law Section 76(1)(a); and it is further

ORDERED that the Debtor shall promptly provide a verified trustee's statement to the Funds pursuant to such law; and it is further

ORDERED that F.J. Sciame Construction Co., Inc. ("Sciame") shall serve a verified trustee's statement pursuant to New York Lien Law Section 76(1)(b) upon the Funds on or before 10 days of the Funds' service of this Order on it; and it is further

ORDERED that the Debtor is authorized to demand a verified trustee's Statement from Sciame under New York Lien Law Section 76(1), and Sciame shall provide the Debtor with such a statement on or before 10 days of receipt of such demand; and it is further

ORDERED that any cash now or hereafter identified as trust fund assets under Article 3-A of the New York Lien Law and held by Sciame and/or the Debtor shall be deposited by such party in a separate segregated account to be held in trust pending further order of the Court relating to the proper distribution of such funds; and it is further

ORDERED that the Debtor and Sciame, as the case may be, shall file a notice of such deposit on the docket of this case; and it is further

ORDERED that Sciame and the Debtor, as the case may be, shall provide the Funds with information and documentation relating to any bond, insurance policy and/or insurance coverage providing for payment and/or potential payment to creditors/trust fund claimants on the Debtor's Cooper Union project.

Dated: White Plains, New York
         November 17, 2009

                                          /s/ Robert d. Drain
                                          United States Bankruptcy Judge