PENACHIO MALARA LLP
Attorney for the Debtor
235 Main Street - Suite 600A
White Plains, New York 10601
(914) 946-2889

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION
------------------------------------X
In re                                :   CHAPTER 11
                                     :
                                     :
RICHARDS CONDITIONING CORP.          :   CASE NO.:09-22525 (RDD)
                                     :
                    Debtor.          :
------------------------------------X

**APPLICATION AUTHORIZING
RULE 2004 EXAMINATION AND DIRECTING
THE PRODUCTION OF DOCUMENTS OF
THE COOPER UNION FOR THE ADVANCEMENT OF SCIENCE AND ART**

**RICHARDS CONDITIONING CORP,** the Debtor herein (the "Debtor") by and through its counsel, Penachio Malara LLP, as and for its Application to conduct the Rule 2004 examination of **THE COOPER UNION FOR THE ADVANCEMENT OF SCIENCE AND ART** ("**Cooper**") and to have Cooper produce the documents and correspondence identified in Schedule "A" hereto, respectfully states as follows:

    1.    The Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code on April 6, 2009 and the case was referred to the Honorable Adlai S. Hardin, Jr., former United States Bankruptcy Judge and, following Judge Hardin's retirement, to the Bankruptcy Judge herein.

    2.    The Debtor is engaged primarily in the business of installing and servicing

1

heating, ventilation and air conditioning systems for residential, industrial and commercial public and private customers in new, existing and renovated buildings. The Debtor also provides 24-hour equipment service and support to certain commercial customers.

3. Since the filing, the Debtor has remained in the management and control of its property pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

4. No committee of creditors, trustee or examiner has been appointed by the Court.

5. On or about December 19, 2003, Cooper entered into a Contract ("Cooper Contract") with FJ Sciame Construction, Inc. ("Sciame") to perform certain work described therein, including pre construction services for the New Academic Building and upon approval of the guaranteed maximum price or lump sum ("GMP") for the New Academic Building ("Cooper Union Project") construction of the New Academic Building.

6. Prior to Debtor's bankruptcy filing, the Debtor performed services for Sciame at the Cooper Union pursuant to a written contract.

7. Upon information and belief, the Debtor believes that it may have been fraudulently induced by Sciame and/or Cooper into entering into the contract with Sciame for the HVAC work at the Cooper Union Project, Sciame and Cooper had superior knowledge with respect to Debtor's estimates for the HVAC work, Sciame and Cooper intentionally concealed requested information which was relevant and material to Debtor's decision to enter into a contract with Sciame to perform the HVAC work for the Cooper Union Project and commence the HVAC work and the bad faith selection of the Debtor by Sciame and Cooper allowed Sciame

2

to be able to obtain approval of the GMP under the Cooper Contract as required to proceed with the second phase of the Cooper Union Project.

8. The Debtor filed a mechanics lien against Cooper.

9. The Cooper Union Project proved to be extremely unprofitable for the Debtor. In fact, the Debtor lost substantial sums on the job.[1] Numerous materialmen and sub-contractors who are trust fund claimants under NY Lien Law (collectively, "Trust Fund Claimants") remain unpaid..

10. Upon information and belief, Sciame had sub-guard insurance through Zurich Insurance Company in place to protect it from losses (the "Policy"). Upon information and belief, funds received by Sciame under the Policy are ear-marked for Trust Fund Claimants.

11. Pre-petition, the Debtor and Sciame had entered into an agreement to pay certain Trust Fund Claimants by joint check. Indeed, counsel for Sciame, Ira Schulman, provided the Debtor's counsel with a list of vendors that it intended to pay by joint check. At this time, the Debtor has very little information regarding which, if any, Trust Fund Claimants have been paid, and the status of the Policy. However, a substantial number of Trust Fund Claimants remain unpaid as of the date hereof.

12. The Debtor has moved for a 2004 Exam of Sciame and will pursue such examination.

13. The Debtor requires discovery from Cooper to assist it in determining whether the Trust Fund Claimants which remain unpaid as of the date hereof and the Debtor are entitled to additional payments from Sciame and/or Cooper. This is critical to the Debtor's formulation of a Chapter 11 plan.

---

[1] The Debtor is exploring potential claims against Cooper based upon various legal theories including fraud

3

14. The Debtor also intends to explore whether it may have a cause of action against Cooper, Sciame and/or others relating to the Cooper Union Project.

15. As further detailed below, the Debtor requires discovery from Cooper to ascertain, *inter alia*, (a) a copy of the Contract between Sciame and Cooper; (b) the amounts paid by Cooper to Sciame for the HVAC work at the Cooper Union Project; (c) all correspondence and documents (as defined herein), with respect to the submission, analysis, approval and selection of subcontractors employed by Sciame for the Cooper Union Project; (d) all documents and correspondence with respect to the GMP, the budget, the financing, sub guard policy and change orders for the Cooper Union Project; and (e) all other documents and correspondence with respect to Debtor.

### Relief Requested

16. This Application is made pursuant to Bankruptcy Rule 2004, which provides the "[O]n motion of any party in interest, the Court may order the examination of any entity" with regard to the "acts, conduct, or property, or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate . . . In . . . a reorganization case under chapter 11 of the Code, . . . , the examination may also relate to the operation of any business and the desirability of its continuance, the source of any money or property acquired or to be acquired by the debtor for purposes of consummating a plan and the consideration given or offered therefor, and any other matter relevant to the case or to the formulation of a plan." Fed. F. Bankr. Pro. 2004 (West 2004).

17. The purpose of a Rule 2004 examination is to show the entire financial

4

condition of the estate and enable the court to discover its extent and whereabouts. *In re Coffee Cupboard, Inc.*, 128 B.R. 509, 514 (Bankr. E.D.N.Y. 1991), quoting *Cameron v. United States*, 231 U.S. 710, 717 (1914) (discussing Rule 2004's predecessor, former section 21(a) of the Bankruptcy Act). "The scope of a Rule 2004 examination is very broad and can be in the nature of a fishing expedition." *In re Coffee Cupboard, Inc.*, 128 B.R. 702, (Bankr. E.D.N.Y. 1991); *see also In re Drexel Burnham Lambert Group, Inc.*, 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991) (Rule 2004 discovery can be legitimately compared to a fishing expedition.).

18. A schedule of documents and correspondence sought is annexed hereto as Exhibit A.

19. A subpoena directing the production of documents is annexed hereto as Exhibit B. The subpoena provides for the production within 20 days of service or at a mutually convenient time agreed upon by counsel.

20. A proposed Order is annexed hereto as Exhibit C. The Order provides, inter alia, that a representative of Cooper shall appear for an examination on 10 days notice following the production of documents or at such time as shall be mutually agreed upon.

### Waiver of Memorandum of Law

21. The Debtor respectfully submits that this Court waive the requirements of a separate Memorandum of Law under Local Rule 9013-1, in that, the relevant authority is cited above.

**WHEREFORE,** the Debtor respectfully requests that this Court sign the Proposed Order submitted by Debtor all together with such other and further relief as is just and proper.

Dated: White Plains, New York
May 10, 2010

**PENACHIO MALARA LLP**

By: /s/ Anne Penachio
Anne Penachio
Attorney for the Debtor
235 Main Street, Suite 600A
White Plains, NY 10601
(914) 946-2889