UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------X

In re:                                    :        Chapter 11

RICHARDS CONDITIONING CORP.,     :        Case No. 09-22525 (RDD)

                            Debtor        :

-------------------------------------------------------X

## EXAMINER'S REPORT
## ON DEBTOR'S HANDLING OF POST-PETITION TAXES


TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE


Introduction

       This report is respectfully submitted by M. Jacob Renick, CPA/CFF, CIRA,

CDBV, CFE, the examiner ("Examiner") appointed in this chapter 11 case, pursuant to

the Order of the Court of February 9, 2010.

       In the January 22, 2009 Order Denying Motion of Creditors Sheet Metal Workers

Funds Of Local 38 For Conversion Of Debtor's Chapter 11 Case And Directing The

Appointment Of An Examiner And Specifying Scope Of Examiner's Investigation And

Duties Pursuant To Sections 1104(c)(1) and 1106(b) of The Bankruptcy Code, the Court

specified that as part of his/her investigation, the Examiner should report to the court,

among other matters, the Debtor's handling of post-petition withholding taxes.

Debtor's handling of postpetition withholding taxes

On April 9, 2009, the Debtor filed for protection under chapter 11 of the Bankruptcy Code.  Subsequent thereto, the Debtor continued paying payroll, which included the withholding of taxes.

The following summarizes the Debtor's liability for federal payroll taxes withheld from employees and for the employer's share of FICA taxes and the liability for state taxes withheld, the amounts paid against those liabilities, as well as other matters pertaining to wages and payroll taxes for the period April 9, 2009 (petition date) through March 31, 2010 ("Period Reviewed"):

1.      During the Period Reviewed, the total liability for federal taxes withheld and the employer's share for FICA taxes totaled $321,293.78 (Exhibit A).  Against that liability, the Debtor paid $120,979.00 and has taken credits of $28,629.02.  Those credits resulted from the retroactive treatment of certain pre-petition officer-stockholders' salaries as non-employee compensation.  Consequently, there remained a liability for post-petition federal payroll taxes at March 31, 2010 of $171,685.76, however, see item 3 below relative to subsequent payments.

2.      During the Period Reviewed, the liability for New York State and local taxes withheld totaled $59,432.51 (Exhibit A).  Against that liability, the Debtor has taken credits of $12,720.00, resulting from the retroactive treatment of certain pre-petition officers-stockholders salaries as non-employee compensation.  Consequently, there remained a liability for post-petition state and local payroll taxes at March 31, 2010 of $46,712.51, however, see item 3 below relative to subsequent payments.

3.    The Examiner has been in informed by Anne Penachio, Debtor's counsel, that subsequent to March 31, 2010, she has paid $25,000.00 and $5,000 of federal and state payroll taxes, respectively, from funds she had been holding on behalf of the Debtor. Consequently, the liabilities at March 31, 2010 have been reduced by those payments, leaving balances of $146,685.76 and $41,712.51, respectively.

4.    During the Period Reviewed, the two officer-stockholders of the Debtor were issued checks (Exhibit B) representing compensation totaling $317,471.43 of which a total of $179,285.83 have been cashed, leaving a total of $138,185.60 of compensation checks that have not been cashed. Such compensation was not paid in the form of wages or salaries, but rather as non-employee compensation. Consequently, no taxes have been withheld from such compensation nor has the Debtor recorded a liability for the employer's share of FICA on such compensation. By failing to treat such compensation as either wages or salaries, the Debtor may be subjecting itself to a liability for unemployment taxes and possibly for interest and penalties.

5.    Relative to the compensation to officers which is not being treated as wages or salaries, the Examiner has been informed by management that they may choose to retroactively have their compensation paid to a related non-debtor partnership in the form of a management fee and have the partnership compensate them individually. By so doing, management believes that it would relieve the Debtor of any liability for withholding taxes on their compensation and any penalties that might arise thereto.

6.      The Examiner was provided with an unsigned letter (Exhibit C) dated April 28, 2009 from F.J. Sciame Construction, Inc. ("Sciame") addressed to Richards Conditioning Corp. (referred to as "RCC") relative to a job entitled "Cooper Union" which indicates, among other things, that, "RCC shall be paid on a time and material basis for the true cost for the RCC Scope." (para. 3).

7.      The Examiner has been informed by Martin M. Hopwood, Jr., CEO of the Debtor that although not memorialized until April 28, 2009, the contents of the letter had been agreed to by both Sciame and RCC at a March 7, 2009 meeting with Steve Colletta and Robert DaRos, both of Sciame. According to Mr. Hopwood, RCC has relied upon that oral agreement.

8.      Accordingly, during the period from March 7, 2009 through June 30, 2009, the Debtor incurred (Exhibit D) $799,607.92 in wages and benefits, project management costs of $42,297.60, shop burden (the cost of fabricating, storing and delivery of materials) of $49,845.00, or total time and materials during the period of $905,539.64. Of this amount, the Debtor supposedly received payments totaling $743,644.50, leaving a balance owed to the Debtor of $161,895.14. If the Debtor were to collect all of the $161,895.14 and were to apply all of it to wages and benefits, there would still be a balance owed of $52,963.42 for wages and benefits. However, assuming that even if Mr. Hopwood's contention that the agreement was effective as of March 7, 2009, the liability for wages and benefits would still be that of the Debtor, even though there might have been an agreement with Sciame. Further, even if the Debtor would have received all payments due it from Sciame, there is no assurance that all or even a portion of the monies would have been used to pay payroll tax obligations.

- 4 -

Dated: April 7, 2010
    New York, New York

Respectfully submitted,

*/s/M. Jacob Renick*
M. Jacob Renick,
CPA/CFF, CIRA, CDBV, CFE
Examiner
NHB Advisors, Inc.
Chrysler Building
405 Lexington Avenue- 26th Fl.
New York, NY 10174
(914) 813-0880

# EXHIBIT A

Richards Conditioning Corp., DIP
Postpetition taxes

| | 2009 April | May | June | July | August | September | October | November | December | 2010 January | February | March | Totals |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Payroll** | | | | | | | | | | | | | |
| **Federal:** | | | | | | | | | | | | | |
| Balance- beginning | - | 70,688.00 | 127,364.00 | 145,238.00 | 165,061.00 | 165,061.00 | 167,533.00 | 170,005.00 | 156,896.98 | 153,706.98 | 149,867.58 | 161,525.76 | - |
| Withholding & FICA expense | 70,688.00 | 56,676.00 | 56,233.00 | 17,620.00 | 19,823.00 | 17,472.00 | 17,472.00 | 15,521.00 | 16,810.00 | 11,160.60 | 11,658.18 | 10,160.00 | 321,293.78 |
| Payments | | | (55,979.00) | | | (15,000.00) | (15,000.00) | | (20,000.00) | (15,000.00) | | | (120,979.00) |
| Other credits | | | | | | | | (28,629.02) | | | | | (28,629.02) |
| Balance- end | 70,688.00 | 127,364.00 | 127,618.00 | 145,238.00 | 165,061.00 | 167,533.00 | 170,005.00 | 156,896.98 | 153,706.98 | 149,867.58 | 161,525.76 | 171,685.76 | 171,685.76 |
| **State:** | | | | | | | | | | | | | |
| Balance- beginning | - | 13,074.00 | 23,785.00 | 31,459.00 | 34,838.00 | 38,811.00 | 42,340.00 | 45,869.00 | 36,356.00 | 39,830.00 | 42,192.44 | 44,629.51 | - |
| Withholding | 13,074.00 | 10,711.00 | 7,674.00 | 3,379.00 | 3,973.00 | 3,529.00 | 3,529.00 | 3,207.00 | 3,474.00 | 2,362.44 | 2,437.07 | 2,083.00 | 59,432.51 |
| Payments | | | | | | | | (12,720.00) | | | | | (12,720.00) |
| Other credits | | | | | | | | | | | | | - |
| Balance- end | 13,074.00 | 23,785.00 | 31,459.00 | 34,838.00 | 38,811.00 | 42,340.00 | 45,869.00 | 36,356.00 | 39,830.00 | 42,192.44 | 44,629.51 | 46,712.51 | 46,712.51 |
| Total payroll taxes- balance-end | 83,762.00 | 151,149.00 | 159,077.00 | 180,076.00 | 203,872.00 | 209,873.00 | 215,874.00 | 193,252.98 | 193,536.98 | 192,060.02 | 206,155.27 | 218,398.27 | 218,398.27 |

# EXHIBIT B

**Richards Conditioning Corp.**
**Officer-Stockholders Compensation**

### Officer-Stockholder #1

| Check date | Check # | Amount | Cashed | Not Cashed |
|---|---|---|---|---|
| 4/16/2009 | 18704 | 5,951.61 | 5,951.61 | - |
| 4/23/2009 | 18741 | 5,951.62 | 5,951.62 | - |
| 4/30/2009 | 18777 | 5,951.61 | 5,951.61 | - |
| 5/7/2009 | 18814 | 5,951.62 | 5,951.62 | - |
| 5/14/2009 | 18849 | 6,094.81 | 6,094.81 | - |
| 5/21/2009 | 18884 | 6,349.54 | - | 6,349.54 |
| 5/28/2009 | 18917 | 6,349.55 | 6,349.55 | - |
| 6/4/2009 | 18950 | 6,349.54 | 6,349.54 | - |
| 6/11/2009 | 18978 | 6,349.55 | - | 6,349.55 |
| 6/18/2009 | 19004 | 6,349.55 | - | 6,349.55 |
| 6/25/2009 | 19031 | 6,349.54 | 6,349.54 | - |
| 6/30/2009 | 19053 | 6,349.55 | 6,349.55 | - |
| 7/7/2009 | 19070 | 6,349.54 | 6,349.54 | - |
| 7/14/2009 | 19088 | 6,349.55 | - | 6,349.55 |
| 7/21/2009 | 19105 | 6,349.55 | - | 6,349.55 |
| 7/28/2009 | 19120 | 6,349.54 | - | 6,349.54 |
| 8/4/2009 | 19138 | 6,349.55 | - | 6,349.55 |
| 8/11/2009 | 19154 | 6,349.54 | - | 6,349.54 |
| 8/18/2009 | 19171 | 3,385.80 | 3,385.80 | - |
| 8/25/2009 | 19188 | 3,885.80 | 3,885.80 | - |
| 9/1/2009 | 19205 | 3,385.79 | 3,385.79 | - |
| 9/8/2009 | 19221 | 3,385.80 | 3,385.80 | - |
| 9/15/2009 | 19237 | 3,385.79 | 3,385.79 | - |
| 9/22/2009 | 19254 | 3,385.80 | 3,385.80 | - |
| 10/2/2009 | 1509 | 4,000.00 | 4,000.00 | - |
| 10/16/2009 | 1562 | 4,000.00 | 4,000.00 | - |
| 11/2/2009 | 1655 | 2,000.00 | 2,000.00 | - |
| 11/2/2009 | 1656 | 2,000.00 | 2,000.00 | - |
| 11/6/2009 | 1652 | 4,000.00 | 4,000.00 | - |
| 11/13/2009 | 1682 | 2,000.00 | 2,000.00 | - |
| 11/13/2009 | 1683 | 2,000.00 | 2,000.00 | - |
| 12/4/2009 | 1756 | 2,000.00 | 2,000.00 | - |
| 12/4/2009 | 1757 | 2,000.00 | 2,000.00 | - |
| 12/4/2009 | 1758 | 2,000.00 | 2,000.00 | - |
| 12/4/2009 | 1759 | 2,000.00 | 2,000.00 | - |
| 1/5/2010 | 1851 | 2,000.00 | 2,000.00 | - |
| 1/5/2010 | 1852 | 2,000.00 | 2,000.00 | - |
| 1/22/2010 | 1922 | 2,000.00 | 2,000.00 | - |
| 1/27/2010 | 1934 | 2,000.00 | 2,000.00 | - |
| 2/3/2010 | 1957 | 2,000.00 | 2,000.00 | - |
| 2/3/2010 | 1958 | 2,000.00 | 2,000.00 | - |
| 2/12/2019 | 1990 | 2,000.00 | 2,000.00 | - |
| 2/12/2010 | 1991 | 2,000.00 | 2,000.00 | - |
| 2/22/2010 | 2027 | 2,000.00 | | 2,000.00 |
| 2/22/2010 | 2028 | 2,000.00 | | 2,000.00 |
| 3/2/2010 | 2057 | 2,000.00 | 2,000.00 | - |
| 3/2/2010 | 2058 | 2,000.00 | 2,000.00 | - |
| 3/10/2010 | 2083 | 2,000.00 | 2,000.00 | - |
| 3/10/2010 | 2084 | 2,000.00 | 2,000.00 | - |
| 3/31/2010 | 2131 | 2,000.00 | | 2,000.00 |
| 3/31/2010 | 2132 | 2,000.00 | | 2,000.00 |
| | | 193,260.14 | 134,463.77 | 58,796.37 |

### Officer-Stockholder #2

| Check date | Check # | Amount | Cashed | Not Cashed |
|---|---|---|---|---|
| 4/16/2009 | 18706 | 2,715.07 | 2,715.07 | - |
| 4/23/2009 | 18743 | 2,715.06 | - | 2,715.06 |
| 4/30/2009 | 18779 | 2,715.08 | 2,715.08 | - |
| 5/7/2009 | 18815 | 2,715.10 | 2,715.10 | - |
| 5/14/2009 | 18851 | 2,715.11 | 2,715.11 | - |
| 5/21/2009 | 18886 | 2,715.11 | 2,715.11 | - |
| 5/28/2009 | 18919 | 2,715.11 | | 2,715.11 |
| 6/4/2009 | 18952 | 2,715.10 | 2,715.10 | - |
| 6/11/2009 | 18980 | 2,715.12 | - | 2,715.12 |
| 6/18/2009 | 19006 | 2,715.10 | 2,715.10 | - |
| 6/25/2009 | 19033 | 2,715.11 | - | 2,715.11 |
| 6/30/2009 | 19055 | 2,715.11 | 2,715.11 | - |
| 7/7/2009 | 19072 | 2,715.11 | 2,715.11 | - |
| 7/14/2009 | 19089 | 2,715.11 | 2,715.11 | - |
| 7/21/2009 | 19107 | 2,715.11 | 2,715.11 | - |
| 7/28/2009 | 19122 | 2,837.15 | - | 2,837.15 |
| 8/4/2009 | 19140 | 2,955.95 | 2,955.95 | - |
| 8/11/2009 | 19156 | 2,955.96 | - | 2,955.96 |
| 8/18/2009 | 19173 | 2,455.95 | - | 2,455.95 |
| 8/25/2009 | 19190 | 2,455.96 | - | 2,455.96 |
| 9/1/2009 | 19207 | 2,455.95 | - | 2,455.95 |
| 9/8/2009 | 19223 | 2,455.95 | - | 2,455.95 |
| 9/15/2009 | 19239 | 2,455.96 | - | 2,455.96 |
| 9/22/2009 | 19256 | 2,455.95 | - | 2,455.95 |
| 10/2/2009 | 1510 | 4,000.00 | | 4,000.00 |
| 10/16/2009 | 1563 | 4,000.00 | 4,000.00 | |
| 11/2/2009 | 1648 | 4,000.00 | | 4,000.00 |
| 11/6/2009 | 1653 | 4,000.00 | | 4,000.00 |
| 11/13/2009 | 1684 | 2,000.00 | 2,000.00 | - |
| 11/13/2009 | 1685 | 2,000.00 | 2,000.00 | |
| 12/4/2009 | 1752 | 2,000.00 | | 2,000.00 |
| 12/4/2009 | 1753 | 2,000.00 | 2,000.00 | |
| 12/4/2009 | 1754 | 2,000.00 | | 2,000.00 |
| 12/4/2009 | 1755 | 2,000.00 | | 2,000.00 |
| 1/5/2010 | 1853 | 2,000.00 | | 2,000.00 |
| 1/5/2010 | 1854 | 2,000.00 | | 2,000.00 |
| 1/22/2010 | 1923 | 2,000.00 | | 2,000.00 |
| 1/22/2010 | 1924 | 2,000.00 | | 2,000.00 |
| 2/3/2010 | 1959 | 2,000.00 | | 2,000.00 |
| 2/3/2010 | 1960 | 2,000.00 | | 2,000.00 |
| 2/12/2010 | 1992 | 2,000.00 | | 2,000.00 |
| 2/12/2010 | 1993 | 2,000.00 | 2,000.00 | - |
| 2/22/2010 | 2029 | 2,000.00 | | 2,000.00 |
| 2/22/2010 | 2030 | 2,000.00 | | 2,000.00 |
| 3/2/2010 | 2059 | 2,000.00 | | 2,000.00 |
| 3/2/2010 | 2060 | 2,000.00 | | 2,000.00 |
| 3/10/2010 | 2085 | 2,000.00 | | 2,000.00 |
| 3/10/2010 | 2086 | 2,000.00 | | 2,000.00 |
| 3/31/2010 | 2133 | 2,000.00 | | 2,000.00 |
| 3/31/2010 | 2134 | 2,000.00 | | 2,000.00 |
| | | 124,211.29 | 44,822.06 | 79,389.23 |

| Summary: | |
|---|---|
| Paid | 317,471.43 |
| Cashed | 179,285.83 |
| Not cashed | 138,185.60 |

# EXHIBIT C

| Construction Managers | F.J. Sciame |
| Consultants | Construction Co., Inc |
| Builders | 14 Wall Street |
| | New York, New York 10005 |

# Sciame

<u>**Via Email & First Class Mail**</u>                     April 28, 2009

Richards Conditioning Corp.
70 Marbledale Road
Tuckahoe, NY 10707
Attn: Martin M. Hopwood, Jr.

Re: <u>Cooper Union</u>

Dear Mr. Hopwood:

This letter shall set forth the terms and conditions pursuant to which F.J. Sciame Construction Co. Inc. ("Sciame") agrees to engage Richards Conditioning Corps. ("RCC") to perform the remaining sheet metal work at the New Academic Building for The Cooper Union for the Advancement of Science and Art ("Cooper Union").

1. All terms and conditions set for the in the Subcontract Agreement between Sciame and RCC, made as of November 8, 2006, except to the extent such terms and conditions are inconsistent with the terms for this letter agreement, are hereby incorporated by reference with the same force and effect as if fully set forth at length herein.

2. RCC's scope of work shall be limited to the furnishing and installation of the balance for the sheet metal work that existed as of the date that RCC filed its voluntary Chapter 11 petition with the United States Bankruptcy Court ("RCC Scope").

3. RCC shall be paid on a time and material basis for the true cost for the RCC Scope. RCC shall submit to Sciame certified payrolls in form satisfactory to Sciame on a weekly basis. RCC shall not include any charges for overhead or profit.

4. This letter agreement may be executed in counterparts and electronic or facsimile signatures shall be deemed as valid as originals.

5. This letter agreement may not be amended unless in writing signed by the parties hereto.

6. This letter agreement shall be governed by and construed under the laws of the State of New York.

Please sign this letter in the space below to signify your understanding of and agreement to all the foregoing.

Very truly yours,

F.J. Sciame Construction Co., Inc.

By _____

Steven Colletta, Vice President

Richards Conditioning Corp.

**Martin M. Hopwood,** Digitally signed by Martin M. Hopwood, Jr.
DN: cn=Martin M. Hopwood, Jr., o=Richards
Conditioning Corp., ou=Chief Financial Officer and Vice
President, email=rcc@richardsconditioning.com, c=US
**Jr.** Date: 2009.05.18 13:30:51 -04'00'
By _____

Martin M. Hopwood, Jr.

# EXHIBIT D

**RCC T&M PAYMENT ANALYSIS**

| | 3/10/2009 | 3/17/2009 | 3/24/2009 | 3/31/2009 | 4/7/2009 | 4/14/2009 | 4/21/2009 | 4/28/2009 | 5/5/2009 | 5/12/2009 | 5/19/2009 | 5/26/2009 | 6/2/2009 | 6/9/2009 | 6/16/2009 | 6/23/2009 | 6/30/2009 | TOTALS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PAYROLL | $ 5,289.61 | $ 6,692.17 | $ 5,878.51 | $ 6,123.02 | $ 4,446.00 | $ 11,667.04 | $ 1,313.48 | | | | | | | | | | | |
| BENEFITS | $ 2,693.90 | $ 3,794.00 | $ 3,132.44 | $ 3,374.68 | $ 2,418.20 | $ 4,696.48 | $ 728.76 | | | | | | | | | | | |
| PAYROLL | $ 26,531.24 | $ 23,126.18 | $ 27,973.40 | $ 49,323.63 | $ 46,408.88 | $ 28,274.66 | $ 38,820.21 | $ 33,109.98 | $ 38,387.45 | $ 30,704.10 | $ 30,649.83 | $ 16,698.14 | $ 28,833.06 | $ 12,601.68 | $ 11,748.74 | $ 13,189.09 | $ 0 | $ 469,145.78 |
| BENEFITS | $ 17,169.28 | $ 22,251.40 | $ 24,295.16 | $ 26,013.62 | $ 26,761.15 | $ 15,916.28 | $ 21,322.01 | $ 26,179.88 | $ 21,164.60 | $ 18,997.58 | $ 17,975.38 | $ 11,774.74 | $ 15,465.64 | $ 7,402.12 | $ 9,355.68 | $ 7,122.12 | $ 0 | $ 279,407.47 |
| Project Management Hours | 132.15 | $ 60,834.31 | $ 65,692.78 | $ 70,084.73 | $ 76,434.72 | $ 79,064.71 | $ 87,995.44 | $ 83,386.84 | $ 66,832.36 | $ 49,391.16 | $ 48,535.61 | $ 28,963.80 | $ 45,238.82 | $ 20,204.08 | $ 18,104.42 | $ 20,302.41 | $ - | $ 792,607.82 |
| Shop Hours | | 20 | 20 | 20 | 20 | 20 | 16 | 16 | 16 | 16 | 16 | 16 | 16 | 16 | 16 | 16 | 16 | |
| Materials | $ 3,665.40 | $ 3,665.40 | $ 3,665.40 | $ 3,665.40 | $ 2,443.60 | $ 1,982.70 | $ 1,982.70 | $ 1,982.70 | $ 1,982.70 | $ 1,982.70 | $ 1,982.70 | $ 1,982.70 | $ 1,982.70 | $ 1,982.70 | $ 1,982.70 | $ 1,982.70 | $ 1,982.70 | $ 43,297.60 |
| Shop Hours | | 0 | 120 | 132.5 | 138.5 | 138.5 | 192 | 509 | 160 | 186 | 100.5 | 108 | 148.5 | 55 | 44 | 32 | 37 | 13,789.12 |
| Total Shop Burden | $ 30.00 | $ - | $ 3,600.00 | $ 3,975.00 | $ 4,085.00 | $ 4,085.00 | $ 4,880.00 | $ 3,270.00 | $ 4,800.00 | $ 5,650.00 | $ 3,015.00 | $ 3,180.00 | $ 4,385.00 | $ 1,650.00 | $ 1,320.00 | $ 990.00 | $ 1,115.00 | $ 49,845.00 |
| Total | | | | | | | | | | | | | | | | | | $ 906,639.64 |
| Scheme Local 28 Benefit Payments | | | | | | | | | | | | | | | | | | $ (250,101.10) |
| Scheme Payments other than Joint Check | | | | | | | | | | | | | | | | | | $ (484,542.00) |
| DUE RCC | | | | | | | | | | | | | | | | | | $ 161,895.14 |