UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

In re                                                                                                        CHAPTER 11

    RICHARDS CONDITIONING CORP.,                                CASE NO.: 09-22525 (RDD)

    Debtor.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**ORDER APPROVING THE SETTLEMENT AGREEMENT AMONG THE DEBTOR, EXPO CREDIT CORPORATION, AND BHRMH INVESTMENT, LLC., PURSUANT TO RULE 9019(a) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND DIRECTING CASH RESERVE TO BE HELD IN ESCROW PENDING FURTHER ORDER**

    Upon the motion (ECF # 322 ) of the above-captioned debtor and debtor in possession (the "Debtor"), by its attorneys, Penachio Malara, LLP, for entry of an order (1) pursuant to and Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), approving the Settlement Agreement, dated December 20, 2010, among Debtor, EXPO Credit Corporation ("EXPO"), and BHRMH Investment, LLC. ("BHRMH"), a copy of which is annexed to the application as <u>Exhibit A</u> (the "Motion"); and there being due and sufficient notice of the Motion; and upon the Objection to the Motion by Local 38 (ECF # 326); and upon the objection by the Office of United States Trustee to the Motion; and upon the Debtor's reply to the objections (ECF # 328); and upon the record of the January 28, 2011 hearing at the Motion; and, for the reasons stated by the Court at the hearing, good and sufficient cause appearing for the relief granted herein, which is in the best interests of the Debtor and its estate and is reasonable, fair and equitable and does not constitute a *sub rosa* chapter 11 plan, it is hereby

    **ORDERED,** that the Motion is granted as provided herein and the Debtor's entry

1

into and performance of the Settlement Agreement as amended by the terms of this Order, including the grant of the release provided for therein, is approved; and it is further

**ORDERED,** that BHRMH's allowed claim against the Debtor is capped at the amount of $265,000.00, the consideration paid by BHRMH to purchase Expo's position, subject to any defenses that the Debtor may have to such claim; and is further

**ORDERED,** that the Debtor shall not make any distributions or payments to BHRMH during its Chapter 11 case except upon further order of the Court; and it is further

**ORDERED**, that, notwithstanding anything in the Settlement Agreement to the contrary, EXPO shall pay to Debtor's counsel the Receivable Reserve (as defined in the Settlement Agreement at Article 1, page 9) currently held by Expo in the amount of $165,517.00, less the Accrued Interest (as defined in the Settlement Agreement at Article 2, paragraph 2.1B, page 10) in the amount of $35,000, to be held by the Debtor's counsel subject to further order of the Court; and it is further

**ORDERED**, that, notwithstanding anything in the Settlement Agreement to the contrary, the Net Proceeds as defined therein, paid to Expo shall not exceed $312,407.00 plus interest at the rate of 12% from the date hereof; and it is further

**ORDERED**, that the Receivable Reserve less the Accrued Interest is to be held by the Debtor's counsel in a segregated interest bearing escrow account at Hudson Valley Bank until further order of the Court; and it is further

**ORDERED,** that the Debtor's counsel shall forward a copy of the monthly bank statement pertaining to the foregoing escrow account to the Debtor and the Office of the United States Trustee; and it is further

**ORDERED,** that to the extent that there is any conflict between the terms of this Order and the Settlement Agreement, the terms of the Order prevail.

Dated: February 7, 2011
      White Plains, New York

                                                       /s/ Robert D. Drain
                                                 United States Bankruptcy Judge