PENACHIO MALARA LLP    HEARING DATE & TIME:
Attorney for the Debtor    JULY 14, 2011 at 10:00 AM
235 Main Street - Suite 600A
White Plains, New York 10601
(914) 946-2889

Anne Penachio

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

In re                                          :    CHAPTER 11

    RICHARDS CONDITIONING CORP.,    :    CASE NO.: 09-22525 (ASH)

        Debtor.                      :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**THE DEBTOR'S OPPOSITION TO THE MOTION OF SHEET METAL
WORKERS OF LOCAL 38 FRINGE BENE FIT FUNDS TO ALLOW
PAYMENT OF ALLEGED ADMINISTRATIVE EXPENSE**

**TO:** **THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE**

        The opposition of **RICHARDS CONDITIONING CORP.** (the "Debtor"),
**through its counsel**, PENACHIO MALARA LLP, **to the motion of** SHEET METAL
**WORKERS OF LOCAL 38 FRINGE BENE FIT FUNDS** ("Local 38') to allow payment of
alleged fringe benefits as an administration expense, respectfully sets forth as follows:

1

**I.   DEBTOR'S BRIEF BANKRUPTCY BACKGROUND**

1. On or about April 6, 2009 the Debtor filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code.

2. Since the filing, the Debtor has continue the management of its business as debtor in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

3. No official committee of unsecured creditors or other statutory committee or trustee has been appointed in this case. An examiner was appointed to investigate and report to the Court on several discrete issues.

4. The Debtor is engaged primarily in the business of installing and servicing heating, ventilation and air conditioning systems for residential, industrial, and commercial public and private customers in new, existing and renovated buildings.

5. The Debtor also provides 24-hour equipment service and support to certain commercial customers. Approximately 20 customers have pre-paid for equipment servicing (the "Service Customers") including AIG.

6. The Debtor had been experiencing financial reverses for the past few years as a result in the general downturn in the economy. Its bankruptcy filing was precipitated predominately by losses suffered in connection with contract bid work. The Debtor underestimated the cost of labor and material, and was undercapitalized for large projects resulting in factoring and penalty bank charges.

7. The Debtor hopes to successfully reorganize its financial affairs in the context of Chapter 11. In an effort to achieve this goal, the Debtor has reduced certain expenses, negotiated with creditors, and has commenced several adversary proceedings which are pending

before the Court.

## THE MOTION SHOULD BE DENIED

8. Local 38 has moved this Court for an order allowing payment of certain post-petition fringe benefits as administrative expense claims. Specifically, Local 38 seeks payments of $43,268.47 for fringe benefits, interest and liquidated damages allegedly incurred by the Debtor from May through July 2009 under 11 U.S.C. §§503(b) and 507(a)(2).

9. In support of its motion, Local 38 relies primarily on a purported collective bargaining agreement effective May 1, 2002. A copy is annexed to Local 38's motion as <u>Exhibit A</u>.

10. The Debtor opposes the motion for several separate and independent reasons.

11. First, the Debtor did not execute the agreement upon which Local 38 relies. . Local 38 has not produced a signed agreement despite requests. In the absence of a signed agreement, Local 38 is not entitled to contractual damages.

12. Second, Local 38 has not properly substantiated the fringes allegedly owed. Rather, its proof of claim merely submits a claim without specifying the nature of same (ie hours worked, interest, liquidated damages).

13. Third, the motion undermines litigation currently pending before Judge Kenneth Karras in an action commenced by Local 38 against the Debtor's principals. The validity of the agreement is an issue in the District Court action which bears index number 09-CV-5088. To eliminate the possibility of inconsistent decisions, this Court should refrain from ruling on the validity of the unsigned collective bargaining agreement.

14. Fourth, even if Local 38 is entitled to an allowed administrative expense

claim, such claim should not be paid outright but should be paid on a pro rata basis with other administrative claims.

**WHEREFORE,** it is respectfully requested that the Court deny the motion of Local 38.

.

Dated: White Plains, New York
        July 7, 2011

                              **PENACHIO MALARA LLP**

                              By: /s/ Anne Penachio
                                Anne Penachio
                                Counsel for the Debtor
                                235 Main Street - Ste 600A
                                White Plains, NY 10601
                                (914) 946-2889